816 F.2d 679
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Forest W. DEARTH, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-3277.
 United States Court of Appeals, Sixth Circuit.
 April 15, 1987.
 
 Before KEITH and JONES, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff appeals the district court's grant of summary judgment to the Secretary in this social security disability case. Because we find that the Secretary's decision was based upon substantial evidence, we affirm.
 
 
 2
 Plaintiff, Forrest Dearth, was born on April 18, 1931. He went to school until the seventh grade and is able to read and write at a sixth grade level. Throughout most of his life he worked as a truck and tractor mechanic for a motor freight company. In 1965 he injured his back and underwent surgery for a herniated nucleus pulposis of the cervical spine. After that surgery, he continued to work at his regular job until 1982. He testified that in 1982 he was "losing some time" and "not doing 8 hours work for 8 hours pay" because of back pain, so he quit his job. He received unemployment compensation for a year while he looked for other work. His alleged onset date for disability is 1983.
 
 
 3
 Plaintiff's treating physician, Dr. Baumgartel, reported in 1983 that plaintiff had atrophy of the left arm and had a moderately severe sensory deficit in that arm. Plaintiff also suffered from a "racing heart" about once a week. In 1984, the treating physician reported that plaintiff could, in the course of an 8 hour workday, sit for 7 hours, stand for 4, and walk for 3. Although plaintiff's use of his left hand and arm was limited, he could lift up to 25 pounds occasionally. In a 1983 consultative examination, Dr. Guberman noted some weakness and atrophy in the left arm, but said that gripping strength was only mildly impaired and that manipulative ability was well-preserved. This doctor also diagnosed arthritis in the spine, possible nerve root damage, and acute and chronic lumbosacral strain. Dr. Cackley examined plaintiff in 1984, for worker's compensation. This doctor also noted atrophy of the left arm. Although the doctor found some indications of nerve root damage, findings with respect to the lumbar spine were essentially negative.
 
 
 4
 Plaintiff consulted a psychologist, Dr. Showalter, in 1984. The psychologist found that plaintiff was not psychotic and that he had low-average intelligence. The MMPI and Rorschach tests showed plaintiff to be depressed. Dr. Showalter diagnosed a mood disorder with related hysterical focusing. He felt that this disorder in combination with plaintiff's physical problems rendered plaintiff unable to work.
 
 
 5
 Plaintiff applied for benefits on August 5, 1983, on the grounds that he was disabled by a back and neck condition as well as a heart disorder. The application was denied initially and upon reconsideration. Following a de novo hearing, an administrative law judge found that plaintiff suffered from severe impairments which prevented him from performing his past work. Nonetheless, the ALJ found that plaintiff had the residual capacity for light work, and so the ALJ concluded that plaintiff was not disabled. This became the final decision of the Secretary. The district court affirmed the denial of benefits, rejecting plaintiff's arguments that his pain and psychological condition precluded his performance of light work.
 
 
 6
 Upon careful consideration of the record, we find that substantial evidence supports the Secretary's decision that plaintiff can perform light work. Light work is defined in the regulations as involving:
 
 
 7
 lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.
 
 
 8
 20 C.F.R. Sec. 404.1567(b) (1986).
 
 
 9
 Plaintiff himself said that he could lift and carry 10-16 pounds. He denied any problems with pushing things at home. He said he could hold silverware and other light objects in his left hand, but had problems with heavy objects like tools. One doctor said that plaintiff could lift and carry up to 25 pounds frequently and up to 50 pounds occasionally. Another doctor said he could lift 10 pounds frequently and 20 pounds occasionally. No medical doctor ever said that plaintiff was unable to do any work; he was merely advised to avoid heavy work. One doctor reported that he was able to do fine manipulation such as buttoning and picking up coins with his left hand. Altogether, substantial evidence supported the Secretary's conclusion that plaintiff was physically able to do light work.
 
 
 10
 Substantial evidence also supports the Secretary's conclusion that plaintiff does not have a serious mental disorder or pain that would prevent his performance of light work. Plaintiff testified that he was unhappy about being unemployed and depressed at how hard it was to pay his bills. However, he indicated several times that such unhappiness was normal for an unemployed person. Before the visit to the psychologist, he had not reported mental problems to anyone of record, and one doctor had specifically noted that plaintiff's mental status was normal. Plaintiff attempts to argue on appeal that he is on medication, meprobamate, for his nerves. However, the meprobamate was prescribed by his physician for back pain. In light of plaintiff's own testimony and the lack of any other record of mental problems, the ALJ was justified in rejecting the psychologist's conclusion that plaintiff's depression would prevent him from working. With respect to plaintiff's claim of debilitating pain, such pain was not documented in the doctor's reports. Moreover, plaintiff's testimony describing his pain in the midst of daily activities would not have supported a finding that the pain was severe.
 
 
 11
 Accordingly, we AFFIRM the district court.